**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1544-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TIMOTHY SECK,

    Defendant-Appellant.

_____

Submitted August 8, 2018 — Decided August 30, 2018

Before Judges Hoffman and Currier.

On appeal from Superior Court of New Jersey,
Law Division, Morris County, Municipal Appeal
No. 16-008.

Timothy Seck, appellant pro se.

Fredric M. Knapp, Morris County Prosecutor,
attorney for respondent (Paula Jordao,
Assistant Prosecutor, on the brief).

PER CURIAM

Pro se defendant Timothy Seck appeals from a November 1, 2016 order entered after the Law Division conducted a trial de novo on the record. The trial judge found defendant guilty of failure to maintain lamps, N.J.S.A. 39:3-66; reckless driving, N.J.S.A.

39:4-96; refusal to consent to take samples of breath, N.J.S.A. 39:4-50.2; and refusal to submit to a chemical test, N.J.S.A. 39:4-50.4a. We affirm.

I

On December 12, 2015, Boonton Police Officer Brian Walinski observed defendant's Jeep, which had a non-illuminating tail light, make a left turn at a high speed. The officer followed defendant in his marked patrol vehicle, and saw him quickly accelerate in a twenty-five miles-per-hour residential zone. The officer accelerated to approximately sixty miles-per-hour to pursue defendant.

After performing a motor vehicle stop, the officer observed defendant had slow hand movements, bloodshot and watery eyes, and emitted an odor of alcohol. Based on those observations, the officer requested defendant perform field sobriety tests, which defendant failed to complete successfully.

After defendant refused to provide a breath sample for a portable breath test, the officer arrested defendant for driving while intoxicated (DWI). At the police station, defendant refused to provide Alcotest breath samples. Ultimately, the officer issued defendant summonses for failure to maintain lamps, N.J.S.A. 39:3-66; reckless driving, N.J.S.A. 39:4-96; refusal to consent to take samples of breath; N.J.S.A. 39:4-50.2; refusal to submit to a

chemical test, N.J.S.A. 39:4-50.4a; DWI, N.J.S.A. 39:4-50; and DWI in a school zone; N.J.S.A. 39:4-50(g)(1).

The Boonton Municipal Court held a trial on April 1, 2016. The municipal court found defendant guilty of all charges except for the DWI and DWI in a school zone. The court sentenced defendant to fines, court costs, and assessment fees; twelve hours served at the Intoxicated Driver Resource Center; one year license revocation; and six months installation of an interlock device. Defendant appealed, and the municipal court granted defendant's request for a stay of his license suspension pending appeal.

On October 21, 2016, Judge James M. DeMarzo conducted a trial de novo based on the municipal court record. The judge found defendant subject to jurisdiction under the laws of New Jersey, and that the State proved beyond a reasonable doubt that defendant refused to provide breath samples, drove recklessly, and failed to properly maintain his vehicle's lamps. Judge DeMarzo imposed the same penalties as the municipal court. This appeal followed.

II

On appeal, defendant argues the municipal and trial court violated his constitutional due process rights. He further asserts both courts lacked jurisdiction over him, and he did not understand the nature of the charges against him. We have carefully reviewed the record and find no basis for reversal. We therefore affirm

A-1544-16T1

substantially for the reasons set forth in Judge DeMarzo's comprehensive twenty-seven page opinion.

Accordingly, we conclude sufficient, credible evidence supports Judge DeMarzo's opinion, and it is consistent with the applicable law. See State v. Locurto, 157 N.J. 463, 471 (1999) (citation omitted). Moreover, defendant's jurisdictional arguments, based on assertions of sovereign citizenship, lack sufficient merit to warrant comment in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION